# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISTY DAWN BURKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-174-RAW-GLJ |
| ) | |
| JUDY ELLIOTT, individually and in her ) | |
| official capacity; ) | |
| JAMES EARL HANNING, individually, and ) | |
| in his official capacity; ) | |
| WAGONER COUNTY E-911; and ) | |
| BOARD OF COUNTY COMMISSIONERS ) | |
| OF WAGONER COUNTY, jointly and ) | |
| severally, ) | |
| ) | |
| Defendants. ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT ELLIOTT

Defendant Judy Elliott, by and through her counsel, hereby submits her Reply to Plaintiff's Response to Defendant's Motion to Dismiss. (Doc. 24). As demonstrated in Defendant Elliott's Motion, and discussed further herein, Plaintiff's First Amended Complaint (FAC) fails to state a claim upon which relief can be granted against Defendant Elliott. Plaintiff's Response does nothing to change this fact.

In her Motion to Dismiss, Defendant Elliott provided clear reasoning as to why the allegations in the FAC are inadequate and why she is entitled to dismissal. Instead of responding to Defendant Elliott's clear application of the relevant law to Plaintiff's limited allegations in her FAC, Plaintiff quotes various cases generally related to her claims without actually applying them to the alleged facts, and argues points that Defendant Elliott did not raise in her Motion to Dismiss. This results in a convoluted, confusing Response brief that fails to explain how, based on the facts

alleged by Plaintiff herself, it is plausible Defendant Elliott could be liable for any of Plaintiff's claims.

Most notably, Plaintiff's response to Defendant Elliott's Motion does not address the most significant issue in her FAC: Plaintiff has not provided facts that demonstrate Defendant Elliott retaliated against her in any way. This lack of evidence undermines Plaintiff's bases for any claims related to the First Amendment, the Fair Labor Standards Act (FLSA), or malicious interference. While Plaintiff continues to assert that Defendant Elliott's actions in March 2024 were retaliatory and that she was involved in Plaintiff's termination, she fails to offer any factual support for these claims. Specifically, Plaintiff does not explain how or what conduct by Defendant Elliott in March 2024 created a hostile work environment or constituted retaliatory behavior. Moreover, she does not provide any sufficient allegation to show that Defendant Elliott, who was not even working at the County at the time, had any involvement in Plaintiff's termination. Without sufficient factual allegations to support her assertions, each of Plaintiff's claims must ultimately fail.

I. **Plaintiff Does Not State a First Amendment Retaliation Claim Against Defendant Elliott**

Plaintiff fails to provide any meaningful argument to rebut Defendant Elliott's well-supported assertion that the FAC fails to state a First Amendment Retaliation claim. Plaintiff claims that both her HR complaints and her ORA requests are protected conduct for the purposes of the First Amendment. However, as discussed in depth in Defendant Elliott's underlying Motion, an HR complaint made about one's chain of command is typically not protected under the First Amendment. Further, the Tenth Circuit has stated, "we have held that the following are not matters of public concern: speech regarding grievances about internal departmental affairs, *Hom v. Squire*, 81 F.3d 969, 974 (10th Cir. 1996), **disputes over the term of employment**, *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1233–34 (10th Cir. 1998), and **workplace frustration**, *McEvoy*

*v. Shoemaker*, 882 F.2d 463, 466 (10th Cir. 1989)." *Brammer-Hoelter*, 492 F.3d at 1206 (emphasis added). Plaintiff's allegations in the FAC rise to nothing more beyond workplace frustration as to her own employment and supervisor's treatment of her.

As for Plaintiff's ORA requests, it is undisputed that Defendant Elliott was not even working at the County at the time the requests were made. Plaintiff herself alleges that Defendant Elliott was placed on administrative leave in March of 2024, and the ORA requests were not made until December of 2024. (Doc. 2-6, ¶¶ 21, 24) Plaintiff fails to explain what conduct Elliott purportedly engaged in that was retaliatory, or how any such alleged actions taken by Defendant Elliott after the ORA requests were made could plausibly support a claim for retaliation under the First Amendment.

Plaintiff fails to address how Defendant Elliott's alleged conduct could constitute the required "adverse employment action" for purposes of the First Amendment. Plaintiff maintains her belief that Defendant Elliott either terminated her or at least conspired in her termination. However, she has not provided any fact beyond mere conclusory speculation to allege how Defendant Elliott, who was placed on administrative leave ten months prior to Plaintiff's termination, did or could have influenced the decision to terminate Plaintiff. Again, by Plaintiff's own allegations, Defendant Elliott did not even have the power to fire Plaintiff when Defendant Elliott was working for the County, as it is the Board that had the power to hire, fire, or appoint employees. (Doc. 2-6, ¶ 5). The only allegation that Plaintiff makes that could possibly connect Defendant Elliott to Plaintiff's termination is that she conspired with Defendant Hanning to bring about the termination. (Doc. 2-6, ¶ 28). But again, as discussed in depth in Defendant Elliott's underlying Motion, Plaintiff provides no factual support for this conclusory statement. This single, conclusory allegation is insufficient to demonstrate that Defendant Elliott conspired in Plaintiff's

termination and thus participated in an adverse employment action for the purposes of a First Amendment Retaliation claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff also tries to rely on Defendant Elliott's alleged actions in March of 2024, to serve as the required adverse employment action. However, Plaintiff wholly fails to address Defendant Elliott's well-supported argument that Defendant Elliott's actions did not create a hostile work environment, much less a hostile work environment that could serve as the basis for an adverse employment action. For a hostile work environment to constitute an adverse employment action, the Plaintiff must first show the working environment was hostile, meaning that the intimidation was so sufficiently severe or pervasive that it altered the employee's working conditions and created an abusive working environment. *Davis v. U.S. Postal Serv.,* 142 F.3d 1334, 1341 (10th Cir. 1998). Plaintiff then must show that the working conditions were so difficult that a reasonable person in Plaintiff's position would feel compelled to resign. *Hall v. U.S. Dept. of Lab., Admin. Rev. Bd*., 476 F.3d 847, 851 (10th Cir. 2007). Plaintiff does not allege any pattern of ongoing harassment by Defendant Elliott, nor does she allege that Defendant Elliott's conduct in March of 2024 was so severe that it created an abusive working environment. Even more detrimental to her argument is Plaintiff's failure to show that the work environment was so hostile that it resulted in a constructive discharge, especially when one considers that Plaintiff went on to work for the County for ten more months before she was terminated.

Plaintiff's arguments lack support and Plaintiff fails to cite to any case law that shows how Defendant Elliott's actions could constitute adverse employment actions. Without such support, Plaintiff has failed to show that Defendant Elliott violated any First Amendment constitutional right, nor has she demonstrated that Defendant Elliott violated a clearly established right. Thus, Defendant Elliott is entitled to dismissal either on the basis that Plaintiff has not established a

violation of Defendant Elliott's First Amendment rights or on the basis of qualified immunity. *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1251 (10th Cir. 1999). Accordingly, any First Amendment claim against Defendant Elliott should be dismissed.

## II.     Plaintiff Cannot State An FLSA Claim Against Defendant Elliott

Plaintiff's argument regarding her FLSA claim fails for the same reasons as her First Amendment claim and as outlined in the Motion to Dismiss. Plaintiff contends that her allegations that Defendant Elliott was her supervisor the day after Plaintiff made the HR Complaint and contributed to her termination are enough to show Defendant Elliott meets the definition of an employer for purposes of the FLSA. This is simply untrue. The economic reality test, which is used to determine if one is an employer for the purposes of the FLSA considers: (1) whether the alleged employer has the power to hire and fire employees; (2) whether the alleged employer supervises and controls employee work schedules or conditions of employment; (3) whether the alleged employer determines the rate and method of payment; and (4) whether the alleged employer maintains employment records. *DeShazer v. L&W Supply Corp.*, No. CIV-23-45-F, 2023 WL 2977733, at *5 (W.D. Okla. Apr. 17, 2023) (internal quotations and citations omitted). These factors are nonexclusive. *Id*.

As discussed in depth in Defendant Elliott's underlying Motion, Plaintiff's own facts show Defendant Elliott does not meet the definition of an employer under the economic realities test. Plaintiff states explicitly that the Board has the power to hire and fire employees, not Defendant Elliott. (Doc. 2-6, ¶ 5). Then, in her Response Plaintiff focuses on Hanning being a decision maker in her termination. (Doc. 24, p. 7). She alleges no facts that show how Defendant Elliott meets the definition of an employer for the purposes of the FLSA at any time, as there are no allegations to

show that Defendant Elliott determined the rate and method of payment or maintained employment records, much less at the time Plaintiff's employment was terminated.

Even if this Court ignored that Defendant Elliott does not meet the definition of an employer for the purposes of the FLSA, Plaintiff still must show that she suffered an adverse employment action contemporaneous with or subsequent to the protected activity. *Conner v. Schgnuck Markets, Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1997). It is unclear what the Plaintiff intends to argue regarding the adverse employment actions that Defendant Elliott took for the purposes of the FLSA, as the Plaintiff focuses the argument on Defendant Hanning's actions in terminating the Plaintiff. This further proves Defendant Elliott's point that there are simply no facts that show Elliott was involved in Plaintiff's termination.

Plaintiff also offers no meaningful rebuttal to Defendant Elliott's argument that she fails to establish that Defendant Elliott's actions in March of 2024 constitute an adverse employment action. Plaintiff must show that Defendant Elliott's actions were so intolerable that she felt compelled to resign. *Thomas v. Pauls Valley Boomerang Diner, LLC*, 320 F. Supp. 3d 153 (W.D. Okla. 2018). Plaintiff has not done so. Instead, Plaintiff's own factual allegations indicate that she received a promotion and continued to work at the County for ten more months. These actions cannot be said to be an adverse employment action, and thus, there is no retaliation for the purposes of an FLSA claim. Any FLSA claim against Defendant Elliott should be dismissed.

### III.     Plaintiff Fails to Address Defendant Elliott's Arguments Regarding The Malicious Interference Claim

Plaintiff's assertions regarding her malicious interference with a contractual relationship claim fail to even address any of Defendant Elliott's arguments. Plaintiff focuses her argument on the fact that a contract is not required to assert a malicious interference claim and that malicious interference claims are allowed in the wrongful termination context. Defendant Elliott never

argued that a contract was required or that a malicious interference claim was not allowed in the wrongful termination context. The crux of Defendant Elliott's argument is that Plaintiff's Complaint fails to show that Defendant Elliott had any role in her termination, and thus it cannot be said she interfered with any contractual relationship. Plaintiff's Response does nothing to rebut this fact. Instead, she continues to offer conclusory, unsupported statements that do nothing to show how Defendant Elliott, who again was not working at the County at the time, caused Plaintiff to be terminated. Without this factual support, Plaintiff cannot state a claim for malicious interference against Defendant Elliott.

In sum, all of Plaintiff's claims against Defendant Elliott must fail because she has not alleged any facts that show Defendant Elliott took part in any adverse employment action. An adverse employment action is a required element of each of her claims, and without it there is simply no basis for relief. Defendant Elliott's Motion to Dismiss should be granted in its entirety.

WHEREFORE, premises considered, Defendant Judy Elliott respectfully requests that the Court enter an Order granting her Motion to Dismiss and dismissing her from the pending action.

Respectfully submitted,

s/ Jessica James Curtis
Robert S. Lafferrandre, OBA No. 11897
Jessica L. Dark, OBA No. 31236
Jessica James Curtis, OBA No. 35140
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone:  (405) 235-1611
Facsimile:   (405) 235-2904
rlafferrandre@piercecouch.com
jdark@piercecouch.com
jjamescurtis@piercecouch.com
*Attorneys for Defendant Judy Elliott*

## **CERTIFICATE OF SERVICE**

    I certify that on the 11th day of July, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action:

    Brendan McHugh
    Jordan Miller
    Scott Eudey

                                                       s/Jessica James Curtis