# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISTY DAWN BURKE,<br>　　　　Plaintiff,<br><br>v.<br><br>JAMES EARL HANNING, in his individual capacity;<br>WAGONER COUNTY E-911; and<br>BOARD OF COUNTY COMMISSIONERS OF WAGONER COUNTY,*<br><br>　　　　Defendants. | Case No. CIV-25-174-RAW-GLJ |

## ORDER

Pending before the court are the motion to dismiss by Mr. Hanning, Wagoner County E-911, and the Board of County Commissioners of Wagoner County (jointly "Defendants") [Docket No. 19], Plaintiff's response in opposition [Docket No. 23], and Defendants' reply [Docket No. 31]. Also before the court is the Report and Recommendation ("R&R") by United States Magistrate Judge Jackson, recommending that the motion be DENIED as to the claim for FLSA Retaliation as to the Board only and GRANTED in all other respects [Docket No. 38], and Plaintiff's objection thereto [Docket No. 40].

In her objection to the R&R, Plaintiff listed certain concessions to the R&R. Thereafter, the parties submitted a joint stipulation of partial dismissal with prejudice [Docket No. 42]. The parties agreed to the dismissal with prejudice of all claims against Judy Elliott in both her individual and official capacities. Ms. Elliott has thus been dismissed from this action. Her

---

* The court omits from the heading parties that have previously been dismissed.

motion to dismiss, which was also a subject of the R&R, has been termed. The parties further agreed to the dismissal with prejudice of all claims against Mr. Hanning in his official capacity. Additionally, the parties agreed "to the dismissal with prejudice of the following claims: 1) FMLA, 2) promissory estoppel, and 3) FLSA unpaid wages and overtime claims [sic]." Docket No. 42, at 1.

The only remaining claims disputed by Plaintiff in her objection to the R&R are the claims against Mr. Hanning in his individual capacity for § 1983 First Amendment retaliation and for malicious interference with a contractual relationship, as well as the claim against the Board for breach of contract. The court addresses each in turn.

Plaintiff alleges that Ms. Elliot created a hostile work environment, that Plaintiff engaged in protected speech when she submitted a grievance regarding Ms. Elliott, that Ms. Elliott was placed on administrative leave, and that Ms. Elliott then conspired with Mr. Hanning to retaliate against Plaintiff by terminating her employment. Plaintiff was employed by Wagoner County E-911, and Mr. Hanning was a County Commissioner and Chairman of the Board at the time of Plaintiff's termination.

Magistrate Judge Jackson analyzed the claim using the *Garcetti/Pickering* employee test. The test asks:

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*Bailey v. Independent Sch. Dist. No. 69 of Canadian Cnty. Okla.*, 896 F.3d 1176, 1181 (10th Cir. 2018) (citation omitted). "In general, the first three prongs are legal issues to be decided by the court and the last two prongs are factual issues left to the factfinder." *Id*.

2

Magistrate Judge Jackson found that for purposes of the motion to dismiss, the first two prongs are satisfied in Plaintiff's favor. He noted that the First Amended Petition does not address the third prong even in a conclusory fashion, nor do the parties address it in the briefing. In any event, he found that the claim fails at the fourth prong. While this factor – whether the protected speech was a motivating factor in the adverse employment action – is generally in the province of the factfinder, Plaintiff cannot rely on this to avoid her pleading burden under Fed. R. Civ. P. 12(b)(6). Magistrate Judge Jackson found that other than temporal proximity, Plaintiff provided no facts in her First Amended Petition supporting her allegation that a substantial motivating factor in her termination was any protected activity. The R&R concludes, therefore, that she failed to state a claim of First Amendment retaliation as to Hanning. The court has reviewed the First Amended Petition and agrees.

Plaintiff alleges that Mr. Hanning interfered with her contractual employment relationship maliciously and without justification by terminating her and otherwise retaliating against her. As noted by Magistrate Judge Jackson, an at-will employee may state a claim for malicious interference with a contractual relationship. "The elements of a claim for malicious interference are: 1) interference with a business or contractual right; 2) malicious and wrongful interference that is neither justified, privileged, nor excusable; and 3) damage proximately sustained as a result of the interference." *Tuffy's Inc. v. City of Okla. City*, 212 P.3d 1158, 1165 (Okla. 2009). "The element of malice, for malicious interference, is defined as an unreasonable and wrongful act done intentionally, without just cause or excuse. This element clearly requires a showing of bad faith." *Id*.

Mr. Hanning argues that Plaintiff's allegations are conclusory and that the claim is not viable against him in any event as he is an agent of the Board as one of the County

Commissioners.  As noted by Magistrate Judge Jackson, generally an agent cannot be liable for "wrongfully interfering with a contract if [he] was acting in a representative capacity for a party to that contract." *Voiles v. Santa Fe Minerals, Inc*., 911 P.2d 1205, 1210 (Okla. 1996).  If, however, an agent "acts in bad faith and contrary to the interests of the employer in tampering with a third party's contract with the employer we can divine no reason that the employee should be exempt from a tort claim for interference with contract." *Martin v. Johnson*, 975 P.2d 889, 896-97 (Okla. 1998).

Magistrate Judge Jackson found that Plaintiff alleges no facts that Mr. Hanning acted in bad faith specifically as to the termination of her employment and more importantly makes no allegations that Hanning's actions with regard to her termination were in furtherance of his own interest or contrary to the interests of her employer and not for a bona fide organizational purpose.  Plaintiff disputes this finding and argues that "an individual supervisor could be individually liable on a tortious interference claim."  Mr. Hanning, of course, was not Plaintiff's supervisor.  Plaintiff further argues that the facts construed in her favor give rise to an inference. The court has reviewed the First Amended Complaint and agrees with Magistrate Judge Jackson.

Plaintiff alleges that the Board breached her employment contract, citing the employee personnel policy handbook as the contract.  As noted by Magistrate Judge Jackson, in Oklahoma, the  elements for a breach of contract claim are: "(1) the formation of a contract, (2) breach of the contract, and (3) damages as a result of that breach." *Cates v. Integris Health, Inc*., 412 P.3d 98, 103 (Okla. 2018).  As also recognized by Magistrate Judge Jackson, the handbook cited by Plaintiff contains a clear disclaimer that it is not intended to be a contract of employment, that the County retains the right of employment-at-will to terminate employees at any time for any reason not prohibited by Federal, State, or Municipal law, and that employees may also terminate

at will. Despite Plaintiff's objection, the court agrees with the Magistrate Judge that the disclaimer is effective and that Plaintiff fails to allege a sufficient implied contractual right. Accordingly, the breach of contract claim should be dismissed.

After a *de novo* review, the court finds the R&R is well-supported. The court hereby affirms and adopts the R&R. The Defendants' motion to dismiss [Docket No. 19] is DENIED as to the claim for FLSA Retaliation as to the Board only and GRANTED in all other respects.

**IT IS SO ORDERED** this 30th day of January, 2026.

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**