IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISTY DAWN BURKE, ) | |
| ) | |
| Plaintiff; ) | |
| ) | Case No.: 25-CV-174-JFH-GLJ |
| v. ) | |
| ) | |
| BOARD OF COUNTY COMMISSIONERS OF ) | JURY TRIAL DEMANDED |
| WAGONER COUNTY; jointly and severally; ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT BOARD OF COUNTY COMMISSIONERS OF WAGONER COUNTY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT[1]**

Defendant, Board of County Commissioners of Wagoner County, for its Answer to Plaintiff's First Amended Complaint (Dkt. 2-6), alleges and states as follows:

Any of Plaintiff's assertions or allegations not specifically admitted, denied, or otherwise addressed in this Answer are denied by the Defendant and strict proof thereof is demanded.[2]

1.  In response to the allegations set forth in numerical ¶ 1 of Plaintiff's First Amended Complaint, Defendant is without sufficient information to admit or deny whether Plaintiff currently resides in Wagoner County, Oklahoma, and therefore denies same. Defendant denies that Wagoner County E-911 is a separate legal entity. Defendant admits that at all material times set forth in Plaintiff's First Amended Complaint, Plaintiff was an employee of the Board of County Commissioners of Wagoner County and worked in the E-911 department.

---

[1] The First Amended Complaint was originally filed in Wagoner County District Court which, pursuant to Oklahoma Pleading Code, refers to an initial filing and subsequent amendments as a Petition; however, for purposes of this Answer, Defendant employs the federally recognized terminology of Complaint

[2] The denials of Plaintiff's factual assertions are based upon the best information available at the time of filing this Answer, and are reasonably based upon belief or lack of information.

2. In response to the allegations set forth in numerical ¶ 2 of Plaintiff's First Amended Complaint, Defendant admits that James Earl Hanning (hereinafter "Hanning") is a Wagoner County Commissioner and served as Chairman of the Board in 2025. Further, Plaintiff admits that Commissioner Tim Kelley (hereinafter "Kelley") served as Chairman of the Board in 2024. Defendant denies, as phrased, the balance of the allegations set forth in numerical ¶ 2 of Plaintiff's First Amended Complaint.

3. In response to the allegations set forth in numerical ¶ 3 of Plaintiff's First Amended Complaint, Defendant admits that Judy Elliott (hereinafter "Elliot") was the director of the E-911 department when Plaintiff became an employee of the Board of County Commissioners of Wagoner County and served as the director of the E-911 department until she was placed on administrative leave by Defendant. Defendant denies, as phrased, the balance of the allegations set forth in numerical ¶ 3 of Plaintiff's First Amended Complaint.

4. In response to the allegations set forth in numerical ¶ 4 of Plaintiff's First Amended Complaint, Defendant admits that the Board of County Commissioners of Wagoner County is the proper party to this litigation. Defendant denies, as phrased, the balance of the allegations set forth in numerical ¶ 4 of Plaintiff's First Amended Complaint.

5. Defendant objects to numerical ¶ 5 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, in response to the allegations set forth in numerical ¶ 5 of Plaintiff's First Amended Complaint, Defendant denies that the E-911 department is a public entity separate and apart from Wagoner County. Defendant admits the balance of the allegations set forth in numerical ¶ 5 of Plaintiff's First Amended Complaint.

6. Defendant admits the allegations set forth in numerical ¶ 6 of Plaintiff's First Amended Complaint.

7. Defendant admits the allegations set forth in numerical ¶ 7 of Plaintiff's First Amended Complaint.

8. Defendant objects to numerical ¶ 8 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, in response to the allegations set forth in numerical ¶ 8 of Plaintiff's First Amended Complaint, Defendant admits that the employment status of Elliot was discussed. Defendant denies, as phrased, the balance of the allegations set forth in numerical ¶ 8 of Plaintiff's First Amended Complaint.

9. Defendant objects to numerical ¶ 9 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, in response to the allegations set forth in numerical ¶ 9 of Plaintiff's First Amended Complaint, Defendant admits that an emergency meeting was held by the Board of County Commissioners on March 12, 2024. Defendant denies, as phrased, the balance of the allegations set forth in numerical ¶ 9 of Plaintiff's First Amended Complaint.

10. Defendant admits that Judy Elliott was Plaintiff's immediate supervisor, and is the wife of Sheriff Chris Elliott.

11. Defendant denies, as phrased, the allegations set forth in numerical ¶ 11 of Plaintiff's First Amended Complaint.

12. Defendant objects to numerical ¶ 12 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant denies, as phrased, the allegations set forth in numerical ¶ 12 of Plaintiff's First Amended Complaint.

13. Defendant admits the allegations set forth in numerical ¶ 13 of Plaintiff's First Amended Complaint.

14. Defendant objects to numerical ¶ 14 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant denies the allegations set forth in numerical ¶ 14 of Plaintiff's First Amended Complaint.

15. Defendant objects to numerical ¶ 15 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant is without sufficient information to admit or deny the allegations set forth in numerical ¶ 15 of Plaintiff's First Amended Complaint and therefore denies the same.

16. Defendant objects to numerical ¶ 16 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant is without sufficient information to admit or deny the allegations set forth in numerical ¶ 16 of Plaintiff's First Amended Complaint and therefore denies the same.

17. Defendant denies, as phrased, the allegations set forth in numerical ¶ 17 of Plaintiff's First Amended Complaint.

18. Defendant objects to numerical ¶ 18 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant is without sufficient information to admit or deny the allegations set forth in numerical ¶ 18 of Plaintiff's First Amended Complaint and therefore denies the same.

19. Defendant objects to numerical ¶ 19 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections,

Defendant is without sufficient information to admit or deny the allegations set forth in numerical ¶ 19 of Plaintiff's First Amended Complaint and therefore denies the same.

20. Defendant objects to numerical ¶ 20 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant is without sufficient information to admit or deny the allegations set forth in numerical ¶ 20 of Plaintiff's First Amended Complaint and therefore denies the same.

21. Defendant objects to numerical ¶ 21 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, in response to the allegations set forth in numerical ¶ 21 of Plaintiff's First Amended Complaint, Defendant admits that Plaintiff was placed into the role of Interim Coordinator of the E-911 Department on March 13, 2024. Defendant denies, as phrased, the balance of the allegations set forth in numerical ¶ 21 of Plaintiff's First Amended Complaint.

22. Defendant objects to numerical ¶ 22 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, in response to the allegations set forth in numerical ¶ 22 of Plaintiff's First Amended Complaint, Defendant admits that Tim Kelley was aware of and approved leave for Plaintiff to undergo surgery and recovery. Defendant is without sufficient information to admit or deny the balance of the allegations set forth in numerical ¶ 22 of Plaintiff's First Amended Complaint and therefore denies the same.

23. Defendant objects to numerical ¶ 23 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant denies, as phrased, the allegations set forth in numerical ¶ 23 of Plaintiff's First Amended Complaint.

24. Defendant denies, as phrased, the allegations set forth in numerical ¶ 24 of Plaintiff's First Amended Complaint and the referenced documents speak for themselves.

25. Defendant denies, as phrased, the allegations set forth in numerical ¶ 25 of Plaintiff's First Amended Complaint and the referenced documents speak for themselves.

26. Defendant objects to numerical ¶ 26 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant denies, as phrased, the allegations set forth in numerical ¶ 26 of Plaintiff's First Amended Complaint.

## COUNT I – 42 U.S.C. ¶ 1983

27–35. Count I was dismissed with prejudice as to all parties, including Defendant, by virtue of Joint Stipulation of Partial Dismissal with Prejudice (Dkt. 42) and subsequent Order (Dkt. 45) of the Court. Accordingly, no Answer is required with regard to the allegations set forth in numerical ¶¶ 27 – 35 of Plaintiff's First Amended Complaint. To the extent a response is required, Defendant denies the allegations set forth in numerical ¶¶ 27 – 35 of Plaintiff's First Amended Complaint.

## COUNT II – FLSA

36. Defendant denies, as phrased, the allegations set forth in numerical ¶ 36 of Plaintiff's First Amended Complaint. Defendant further asserts that Plaintiff was an employee of the Board of County Commissioners of Wagoner County and worked in the E-911 department.

37. Defendant denies, as phrased, the allegations set forth in numerical ¶ 37 of Plaintiff's First Amended Complaint.

**A. Unpaid Wages and Overtime (Board and E-911)**

38-45.   Count II, Sub Claim A, Unpaid Wages and Overtime, was dismissed with prejudice as to all parties, including Defendant, by virtue of Joint Stipulation of Partial Dismissal with Prejudice (Dkt. 42) and subsequent Order (Dkt. 45) of the Court.  Accordingly, no Answer is required with regard to the allegations set forth in numerical ¶¶ 38-45 of Plaintiff's First Amended Complaint.  To the extent a response is required, Defendant denies the allegations set forth in numerical ¶¶ 38-45 of Plaintiff's First Amended Complaint.

**B. FLSA Retaliation (All Defendants)**

46-51.   Count II, Sub Claim B, FLSA Retaliation, was dismissed with prejudice as to all parties except Defendant Board, by virtue of Joint Stipulation of Partial Dismissal with Prejudice (Dkt. 42) and subsequent Order (Dkt. 45) of the Court.  Accordingly, only Defendant Board is required to Answer the allegations set forth in numerical ¶¶ 46-51 of Plaintiff's First Amended Complaint, and thus Answers as follows:

46.   Defendant objects to numerical ¶ 46 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant denies, as phrased, the allegations set forth in numerical ¶ 46 of Plaintiff's First Amended Complaint.

47.   Defendant objects to numerical ¶ 47 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant denies, as phrased, the allegations set forth in numerical ¶ 47 of Plaintiff's First Amended Complaint.

48.   The allegations set forth in numerical ¶ 48 of Plaintiff's First Amended Complaint are statements of law, not allegations of fact, and therefore require no response. To the extent a

response is necessary, Defendant denies the allegations set forth in numerical ¶ 48 of Plaintiff's First Amended Complaint and further asserts that the cited cases speak for themselves.

49. Defendant objects to numerical ¶ 49 of Plaintiff's Frist Amended Complaint because they violate Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant denies the allegations set forth in numerical ¶ 49 of Plaintiff's First Amended Complaint.

50. Defendant denies the allegations set forth in numerical ¶ 50 of Plaintiff's First Amended Complaint.

51. Defendant denies the allegations set forth in numerical ¶ 51 of Plaintiff's First Amended Complaint.

### COUNT III – FMLA

52-66. Count III and its Sub Claims A, Interference and B, Retaliation, were dismissed with prejudice as to all parties, including Defendant, by virtue of Joint Stipulation of Partial Dismissal with Prejudice (Dkt. 42) and subsequent Order (Dkt. 45) of the Court. Accordingly, no Answer is required with regard to the allegations set forth in numerical ¶¶ 52-66 of Plaintiff's First Amended Complaint. To the extent a response is required, Defendant denies the allegations set forth in numerical ¶¶ 52-66 of Plaintiff's First Amended Complaint.

### COUNT IV – BREACH OF CONTRACT

67-74. Count IV was dismissed with prejudice as to all parties, including Defendant, by virtue of Joint Stipulation of Partial Dismissal with Prejudice (Dkt. 42) and subsequent Order (Dkt. 45) of the Court. Accordingly, no Answer is required with regard to the allegations set forth in numerical ¶¶ 67-74 of Plaintiff's First Amended Complaint. To the extent a response is required,

Defendant denies the allegations set forth in numerical ¶¶ 67-74 of Plaintiff's First Amended Complaint.

### COUNT V – PROMISSORY ESTOPPEL

75. Count V was dismissed with prejudice as to all parties, including Defendant, by virtue of Joint Stipulation of Partial Dismissal with Prejudice (Dkt. 42) and subsequent Order (Dkt. 45) of the Court. Accordingly, no Answer is required with regard to the allegations set forth in numerical ¶ 75 of Plaintiff's First Amended Complaint. To the extent a response is required, Defendant denies the allegations set forth in numerical ¶ 75 of Plaintiff's First Amended Complaint.

### COUNT VI – MALICIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

76-79. Count VI was dismissed with prejudice as to all parties, including Defendant, by virtue of Joint Stipulation of Partial Dismissal with Prejudice (Dkt. 42) and subsequent Order (Dkt. 45) of the Court. Accordingly, no Answer is required with regard to the allegations set forth in numerical ¶¶ 76-79 of Plaintiff's First Amended Complaint. To the extent a response is required, Defendant denies the allegations set forth in numerical ¶¶ 76-79 of Plaintiff's First Amended Complaint.

### COUNT VII – OKLAHOMA OPEN RECORDS ACT

80-92. Count VII was dismissed with prejudice as to all parties, including Defendant, by virtue of Joint Stipulation of Partial Dismissal with Prejudice (Dkt. 42) and subsequent Order (Dkt. 45) of the Court. Accordingly, no Answer is required with regard to the allegations set forth in numerical ¶¶ 80-92 of Plaintiff's First Amended Complaint. To the extent a response is required, Defendant denies the allegations set forth in numerical ¶¶ 80-92 of Plaintiff's First Amended Complaint.

93. Defendant denies Plaintiff is entitled to any of the relief requested in the CONCLUSION section. Defendant respectfully requests this court dismiss Defendant from this litigation and award Defendant their fees, costs and any other relief allowed by law or equity.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant Board of County Commissioners of Wagoner County, for its defenses and affirmative defenses to Plaintiff's claims, alleges and states as follows:[3]

1. The facts and evidence learned through discovery will show that Plaintiff has failed to state a claim for which relief can be granted.

2. The facts and evidence learned through discovery will show that any actions by the Defendant were in compliance with and pursuant to the authority granted it by Oklahoma law.

3. The facts and evidence learned through discovery will show that Defendant did not retaliate against Plaintiff for her availment of her rights under the FLSA.

4. Plaintiff has not established a prima facie cause of FLSA retaliation.

5. Plaintiff did not engage in activity protected by the FLSA.

6. Plaintiff did not receive an adverse employment action at the time, or within any temporal proximity, of any alleged protected activity under the FLSA

7. There is no causal connection between any activity protected by the FLSA and an adverse employment action.

8. Plaintiff was terminated for legitimate, non-discriminatory business reasons.

9. The alleged exercise of Plaintiff's rights under the FLSA was not a substantial or motivating factor in any employment decisions related to Plaintiff's employment.

---

[3] All the defenses asserted herein are based upon the best information available to the undersigned at the time of filing and either have evidentiary support or are reasonably believed to likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

10. The same employment decisions would have been reached concerning Plaintiff even in the absence of the alleged exercise of her rights under the federal or Oklahoma constitutions.

11. Plaintiff was an at-will employee under the laws of the State of Oklahoma.

12. Plaintiff had no property interest in her continued employment.

13. Plaintiff's claims may be barred by the relevant statute of limitations.

14. Plaintiff is not entitled to liquidated damages.

15. The FLSA may not apply to Defendant as an employer.

16. The facts and evidence learned through discovery will show that the Plaintiff is not entitled to any of the relief requested.

Defendant retains its rights to amend its Answer, Defenses and Affirmative Defenses should additional factual information become available at a later stage.

WHEREFORE, having fully answered, Defendant Board of County Commissioners of Wagoner County prays that Plaintiff take nothing by way of her First Amended Complaint on file herein, and that Defendant be dismissed with its attorney's fees and costs.

Respectfully submitted,

s/ Jordan L. Miller
Jordan L. Miller, OBA No. 30892
Scott R. Eudey, OBA No. 18050
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone:   (405) 524-2070
Facsimile:   (405) 524-2078
E-mail:   jlm@czwlaw.com
          sre@czwlaw.com

***ATTORNEY FOR DEFENDANT BOARD OF COUNTY COMMISSIONERS OF WAGONER COUNTY***

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brendan M. McHugh
Rt. 66 Attorneys, LLC
P.O. Box 1392
Claremore, OK 74018
brendan@lawinok.com

*Attorney for Plaintiff*

s/ Jordan L. Miller
Jordan L. Miller